UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 20-518-HRW

**DEBORAH MARGARET WYBO,**                        **PLAINTIFF,**

v.                **MEMORANDUM OPINION AND ORDER**

**KILOLO KIJAKAZI,**
**COMMISSIONER OF SOCIAL SECURITY,**            **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for disability insurance benefits on May 18, 2019, alleging disability beginning on January 1, 2017, due to various physical and mental impairments (Tr. 362). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted telephonically by Administrative Law Judge Boyce Crocker (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, Jackie Rogers, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2:   If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:   If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled.   Plaintiff was 62 years old at the time she alleges she became disabled.   She has a high school education.   Her past relevant work experience consists of work as a receptionist and office clerk, cashier, and pricing clerk.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from fibromyalgia, degenerative disc disease of the lumbar spine, neuropathy, bunions / hammertoes status post left bunionectomy and revision as well as status post left hammertoe surgery, hallux valgus of the left foot with toe arthroplasty and osteoarthritis of the left knee, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments .

The ALJ further found that Plaintiff could perform her past relevant work of receptionist and office clerk.  He further found determined that she the residual functional capacity ("RFC") to perform a range of "light" work as defined in 20 C.F.R. 404.1567 (b) with certain physical limitations and exceptions, as set forth in the hearing decision.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 4 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II.   ANALYSIS

**A.    Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.   "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).   "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."

*Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because he did not adequately consider her mental impairments. She also argues that remand is necessary because the adjudicators of her claim derived power from a single Agency Commissioner in violation of the United States Constitution.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that he did not adequately consider her mental impairments. Specifically, she contends that her mental impairments should have been determined to be "severe" at Step 2 and should have be included in the RFC.

It is clear from his decision that the ALJ analyzed the record as it pertains to Plaintiff's mental impairments. At Step 2, he concluded that Plaintiff suffered from only mild mental limitations. In doing so, he noted that she had received treatment, that the findings were mostly unremarkable and that her symptoms were controlled with medication. Although he cited to evidence of occasionally depressed mood, memory issues as well as hospitalization in January 2020 for an overdose, the ALJ determined that the overall record did not support the finding of severe medical impairment. However, he went on to find several other severe impairments. As such, he did not commit reversible error at Step 2. *See Maziarz v. Sec'y of Health & Human*

4

*Servs.,* 837 F.2d 240, 244 (6th Cir.1987) (holding that the failure to find that an impairment was severe was harmless error where other impairments were deemed severe).

As for the RFC, an ALJ as a duty to consider the record as a whole and formulate an RFC that is supported by substantial evidence. *Potter v. Colvin*, 2015 WL 125311994 (E.D. Tenn. 2015). However, only impairments which affect a claimant's ability to perform work related activities need be included in the RFC.

In addition to the findings cited above, the ALJ noted that despite Plaintiff's claims of disabling mental limitation, she drives, shops for groceries, rides her bike and spends time with her grandson. She also began working at Cabela's in September 2018. "Although the ability to do household [and other] chores is not direct evidence of an ability to do gainful work" under 20 C.F.R. § 404.1572, "[a]n ALJ may ... consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Keeton v. Commr. of Soc. Sec.*, 583 F. App'x 515, 532 (6th Cir. 2014) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997)). *See also Blacha v. Sec. of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) ("[A]n ALJ may consider household and social activities in evaluating complaints of disabling pain."); *Masters v. Comm'r of Soc. Sec.*, 707 F. App'x 374, 379 (6th Cir. 2017) ("The ALJ reasonably noted that despite her symptoms, [the plaintiff] remains able to perform routine, daily tasks that he viewed as inconsistent with her allegations that her pain and symptoms were completely debilitating); *O'Brien v. Commr. of Soc. Sec.*, 819 F. App'x 409, 417 (6th Cir. 2020) ("[T]he ALJ reasonably concluded that [the plaintiff's] subjective evaluations of his physical abilities was inconsistent with his daily activities, his recent part-time work as a 'clean-up man,' his golf trip and cross-country trip to and from

5

Colorado, his shoveling of snow, and his carpet installation," and substantial evidence supported the ALJ's conclusion that the plaintiff experienced "mild to moderate functional limitations in his ability to perform basic work activities....").

Moreover, the record does not contain a single medical source who suggested, much less opined, that Plaintiff had work-related restrictions based upon her mental functioning.

In support of her argument, Plaintiff points to her history of treatment for mental issues, beginning in 2014. Yet, as the Commissioner points out, she continued to work until 2017, despite her allegations of disabling mental impairment.

In addition, a review of the pertinent records of treatment, it appears that Plaintiff's symptoms were, for the most part, self-reported, as opposed to being based on objective, medical testing.

The Court finds that the ALJ properly assessed Plaintiff's mental functioning and his decision is supported by substantial evidence.

Plaintiff's second claim of error is that the SSA's decision denying her disability benefits claim was constitutionally defective because the Social Security Act provision that limits the President's authority to remove the Presidentially appointed, Senate-confirmed Commissioner of Social Security without good cause, 42 U.S.C. § 902(a)(3), violates the separation of powers. The gist of the argument is that former-Commissioner Andrew Saul's appointment violated the principle of separation of powers because 42 U.S.C. § 902(a)(3) provides for a six-year term and makes the Commissioner removable only upon a finding of neglect of duty or malfeasance in office. Therefore, Plaintiff argues that the Commissioner had no authority to carry out any functions of his office and, by extension, the ALJ had no authority to adjudicate her claim

6

necessitating a remand. ECF Doc. 14 at 9-10.

The Commissioner concedes that § 902(a)(3) violates the principles if separation of powers but notes that § 902(a)(3) is not implicated in this case. Specifically, the Commissioner points out that the ALJ who adjudicated Plaintiff's claim was **not** appointed by a Commissioner subject to § 902(a)(3)'s removal restriction.

Even if the deciding ALJ had been appointed by a tenure-protected Commissioner, Plaintiff's argument fails. The recent United States Supreme Court decision in *Collins v. Yellen*, 141 S.Ct. 1761 (2021), established that a plaintiff seeking relief on this basis must present evidence of actual harm. Simply saying the ALJ was wrong is not enough. "[T]he unlawfulness of the removal provision does not strip the [Commissioner] of the power to undertake the other responsibilities of his office." *Collins*, 141 S. Ct. at 1788 n.23. As Justice Thomas's concurring opinion clarifies, Plaintiff must do more than point to a conflict between 42 U.S.C. § 902(a)(3) and the Constitution; she must show some action on the part of Saul that was unlawful and harmful to her. *See id.* at 1790-91 (Thomas, J., concurring). Yet, she has not argued or established how any action of Saul made it more or less likely that her applications would be denied. As such, remand is not warranted.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

7

A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 21st day of December 2021.

Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge